## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS PAYNE | ) | |
| 2953 Cardinal Drive | ) | |
| Rock Creek, OH 4408 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| REGIONAL ADJUSTMENT BUREAU | ) | Division No. |
| 7000 Goodlett Farms Parkway | ) | |
| Memphis, TN 38016 | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

CURTIS PAYNE (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against the REGIONAL ADJUSTMENT BUREAU (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

PLAINTIFF'S VERIFIED COMPLAINT

1

## PARTIES

6. Plaintiff is a natural person who resides in Rock Creek, Ashtabula County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

7. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

8. Defendant is a debt collector with its headquarters in Memphis, Tennessee.

9. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant's agent Raymond Fitzgerald constantly and continuously places collection calls from the number (800) 829-7750 seeking and demanding payment for an alleged consumer debt.

13. Defendant places approximately 3-5 collection calls to Plaintiff every day. Defendant has placed as many as 10 collection calls in a single day.

14. Defendant placed collection calls to Plaintiff's mother at her place of employment (440-255-5651), Plaintiff's home (440-563-3461) and to then number 440-463-3462.

15. Defendant used false and deceptive language while attempting to collect a debt. Specifically, Defendant stated "there is something desperately wrong with your daughter-in-law, it is very urgent."

16. Defendant threatened to file a lawsuit against Plaintiff while seeking and demanding payment for the alleged consumer debt. To date, no lawsuit has been filed.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff is telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity by calling Plaintiff and hanging up the phone.

    e. Defendant violated *§1692e* of the FDCPA by making false, misleading, and deceptive representations in connection with debt collection.

    f. Defendant violated *§1692e(2)* of the FDCPA by misrepresenting the character, nature, and legal status of the alleged debt.

    g. Defendant violated *§1692e(4)* of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

    h. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means to attempt to collect a debt because Defendant threatened to compromise Plaintiff's credit report.

    i. Defendant violated *§1692f* of the FDCPA by engaging in unfair an unconscionable means to collect or attempt to collect the alleged debt.

WHEREFORE, Plaintiff, CURTIS PAYNE, respectfully requests judgment be entered against Defendant, REGIONAL ADJUSTMENT BUREAU for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

Plaintiff, CURTIS PAYNE, requests a jury trial in this case.

                                              RESPECTFULLY SUBMITTED,

By:_____
    Peter Cozmyk,
    Attorney for Plaintiff

Ohio Registration No. 0078862
Krohn & Moss, Ltd.
3 Summit Park Drive
Suite 140
Independence, Ohio 44131
phone: (216) 901-0609
fax: (866) 425-3459
e-mail: pcozmyk@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO

Plaintiff, CURTIS PAYNE, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CURTIS PAYNE hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

12/10/2009
Date

_____
CURTIS PAYNE